MANOOG AVEDISIAN *vs.* NAGTAR GASPARIAN.

NOVEMBER 14, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This action in assumpsit was brought to recover a broker's commission for procuring a purchaser for the defendant's real estate. After a trial in the superior court a jury rendered a verdict for the plaintiff. Thereafter the trial justice granted the defendant's motion for a new trial. The case is before us on the plaintiff's single exception to such decision.

On January 3, 1953 defendant entered into an agreement with plaintiff, a real estate broker, to retain him as her exclusive agent for an unstated period of time "and thereafter until thirty days' notice in writing has been given to terminate the same" to sell her real estate located at 89 Westwood avenue in the city of Cranston. The agreement between the parties was evidenced in part by a certain instrument which consists of a "form" card with printed provisions as well as blank spaces on both sides thereof. The card, which had been prepared by plaintiff, was signed on

one side by plaintiff alone. According to its printed terms she authorized plaintiff "to sell said property at the price and upon the terms stated hereon" and in addition she agreed to pay him a commission of 5 per cent for his services in case the property was sold during the existence of said contract.

Thereafter plaintiff advertised defendant's house in the newspaper in which the selling price was stated to be $10,-500. He also placed a "For Sale" sign on the premises and showed the house to several persons to whom he tried to sell it. One of these was John F. Aptt, Jr. However, on February 21, 1953 defendant sent a registered letter to plaintiff notifying him that she was no longer interested in selling her property.

Notwithstanding the receipt of such letter, on March 3, 1953, while the contract was still in effect, plaintiff accepted a deposit of $500 from John F. Aptt, Jr. for the purchase of defendant's house for $9,500, and on March 6, 1953 he notified defendant that he had obtained such deposit. She refused to accept the offer and told plaintiff that her selling price was $10,500. The plaintiff thereupon returned the deposit to the prospective purchaser and commenced the instant action.

The price stipulated on the unsigned side of the card in question is $9,500. However, the evidence is conflicting as to whether the figure $9,500 was inserted before or after defendant affixed her signature to the front of the card. In any event defendant testified that the selling price which she authorized was $10,500 and not $9,500 as appears on the card and as testified to by plaintiff.

The only question for consideration is plaintiff's exception to the granting of defendant's motion for a new trial. The trial justice based his decision on the ground "that the evidence falls short of proving by a fair preponderance of the evidence that the prospective purchaser was financially able to carry through the purchase."

It is undisputed that plaintiff has the burden of proving by a fair preponderance of the evidence that he procured a purchaser who was ready, able and willing to buy on the terms established by the seller at the time she engaged plaintiff as her broker. By its verdict the jury found that a valid contract existed between the parties and that plaintiff had sustained his burden of proof so as to entitle him to a commission of 5 per cent on a selling price of $9,500. The trial justice, however, after carefully reviewing the evidence passed his independent judgment upon the credibility of the witnesses and the weight of the evidence. He decided that plaintiff had not proved by a fair preponderance of the evidence that the prospective purchaser was financially able to carry through the purchase.

The credibility of the witnesses and the weight of the evidence were of prime importance in resolving the issue of whether the purchaser had sufficient funds with which to complete the purchase or whether he was able to arrange the necessary financing if he himself did not have the money. On this issue the trial justice had the advantage of seeing the witnesses and hearing them testify. After a careful examination of the record we are of the opinion that he did not overlook or misconceive any material evidence. Nor can we say that he was clearly wrong in weighing the evidence and granting the defendant's motion for a new trial.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*Kirshenbaum & Kirshenbaum, Louis Kirshenbaum,* for plaintiff.

*Haig Barsamian, Aram A. Arabian,* for defendant.